UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID M. STITT | CIVIL ACTION |
| VERSUS | |
| JERRY GOODWIN, ET AL. | NO. 16-231-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 8, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID M. STITT                                                                                   CIVIL ACTION

VERSUS

JERRY GOODWIN, ET AL.                                                                  NO. 16-231-SDD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  There is no need for oral argument or for an evidentiary hearing.

On or about March 22, 2016,[1] the *pro se* petitioner, an inmate confined at the David Wade Correctional Center, Homer, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, attacking is criminal conviction and sentence, entered in 2012 in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana.[2]  The petitioner asserts that the State of Louisiana lacked jurisdiction because unspecified statutes were not properly enacted.

**Procedural History**

On or about March 8, 2012 the petitioner was sentenced by the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana.  The petitioner indicates on the

---

[1] Stitt's petition was not stamped as "filed" until April 11, 2016; however, according to the prison mailbox rule, "a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of ... AEDPA, when he delivers the papers to prison authorities for mailing." *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Stitt's petition was signed as executed on March 22, 2016.  In the absence of any contrary evidence, this Court assumes March 22, 2016 was the date Stitt submitted his petition to prison officials for purposes of AEDPA's limitations period.

[2] Although the petitioner utilized an application form for a federal prisoner, it is clear given the sentencing court and the facility where the petitioner is housed that he is in the custody of the State of Louisiana and is challenging a sentence entered against him in state court.

face of his petition that he did not appeal his conviction or sentence and has not sought any other form of review in any court, state of federal. An independent Westlaw search by the Court confirms the same.

## Applicable Law and Analysis

Based upon the foregoing, this Court concludes that the petitioner's application is untimely. In this regard, pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

In the instant case, the petitioner was sentenced on March 8, 2012.  Because the petitioner did not appeal or seek reconsideration of his sentence, the judgment became final on April 7, 2012, upon the passage of the time allowed for him to pursue an appeal (30 days after his sentencing).[3]  Therefore, his application was required to be filed on or before April 7, 2013. Accordingly, because the instant petition was not filed until March 22, 2016, more than a year elapsed during which the petitioner did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, and the petitioner's application is untimely.

Having found the petitioner's application to be untimely, this Court must dismiss same pursuant to 28 U.S.C. § 2244(d) unless the petitioner can establish that he is entitled to equitable tolling.  The record does not reflect that there is any basis for equitable tolling in this case.  In this regard, the one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."  *See United States v. Patterson,* 211 F.3d 927, 928 (5th Cir. 2000). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

---

[3] *See, Williams v. Louisiana,* 2011 WL 1527219 (E.D.La.2011), *citing Roberts v. Cockrell,* 319 F.3d 690, 694–95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken.

circumstance stood in his way. *Pace v. DeGuglielmo, supra,* 544 U.S. at 418. Ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not generally sufficient to warrant equitable tolling. *Tate v. Parker,* 439 Fed. Appx. 375, 376 (5th Cir. 2011); *Felder v. Johnson,* 204 F.3d 168, 171–2 (5th Cir. 2000). Further, equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps,* 688 F.3d 177, 183 (5th Cir. 2012). Thus, a federal habeas petitioner is required to act with diligence and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts. *See Ramos v. Director,* 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010). "The diligence required for equitable tolling purposes is reasonable diligence, ... not maximum feasible diligence," *Holland v. Florida,* 560 U.S. 631, 653 (2010) (internal quotation marks omitted), and equitable tolling decisions "must be made on a case-by-case basis." *Id.* at 649–50.

      The petitioner has not shown that he has been pursuing his rights diligently. Rather, it is clear from the petitioner's application that he has not pursued his rights until the filing of the instant petition nearly four years after his conviction and sentence became final. Accordingly, the petitioner has failed to show such diligent conduct as would warrant equitable tolling in connection with his habeas corpus application. The petitioner's application, therefore, should be denied as untimely.

      Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v.*

N/A
N/A

*Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original).  In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's application or the correctness of the procedural ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, with prejudice, as untimely.  It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on June 8, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**